lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

In re:

GEORGE MILAM HALL,       )
                                                    )       Case No. 09-4091-JAR
                                                    )
                Appellant/Debtor.   )       Bankruptcy Case No. 06-40872
_____)

## MEMORANDUM AND ORDER DISMISSING APPEAL

This matter is before the Court on appellee David R. Klaassen's Motion to Dismiss Appeal (Doc. 13). Appellant George Milam Hall has responded and requests appointment of counsel (Doc. 4). For the reasons explained in detail below, the Court grant's appellee's motion and dismisses this appeal.[1]

*Background*

The issue raised in Klaassen's Motion to Dismiss turns upon a procedural chronology that is not in dispute:

    1.      On April 24, 2009, the Bankruptcy Court signed the following for filing in Bankruptcy Case No. 06-40872:

        (a)      Memorandum Opinion and Order on Motion for Approval of Fees and Expenses of David R. Klaassen[2];

        (b)      Memorandum Opinion and Order on Motion for Approval

---

[1] After examining the briefs and record on appeal, the Court has determined that oral argument would not significantly assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8012. The case is therefore determined without oral argument and appellant's Motion for Oral Argument (Doc. 25) is denied.

[2] (Doc. 301.)

of Fees and expenses of David R. Klaassen[3];

    (c)    Judgment Awarding Fees and Expenses to Debtor's Counsel ("the Judgment")[4].

2.    On April 27, 2009, the Judgment was entered on the docket.[5]

3.    On April 29, 2009, the Bankruptcy Noticing Center ("BNC") served the Memorandum and Order and Judgment upon the interested parties, including Hall.[6]

4.    On May 8, 2009, Hall filed a motion for reconsideration and for a new trial with regard to the Judgment.[7]

5.    On May 21, 2009, Hall filed a notice of appeal of the Judgment.[8]

*Discussion*

    **1.**    **Motion to Appoint Counsel**

The Court denies appellant's motion for appointment of counsel. In civil actions, such as this one, the court may appoint counsel "in such circumstances as the court may deem just," but there is no constitutional right to appointed counsel.[9] The decision whether to appoint counsel lies solely in the court's discretion, which should be based on a determination that the

---

[3](Doc. 302.)

[4](Doc. 303.)

[5]*Id.*

[6](Docs. 306, 307.)

[7](Doc. 309.)

[8](Doc. 313.)

[9]*Caster v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

circumstances are such that justice requires appointment of counsel.[10] The court will consider the plaintiff's financial ability to retain counsel, efforts taken by plaintiff to obtain counsel, the merits of plaintiff's claim, and plaintiff's capacity to prepare and present the case without the aid of counsel.[11] Because the factual and legal issues in this case are not complex, the Court concludes that appellant is able to present his case without counsel. The threshold jurisdictional issue is based solely on whether appellant's notice of appeal was timely filed. Because the jurisdictional defect is fatal to appellant's appeal, the Court concludes that appointment of counsel is not warranted.

2. **Motion to Dismiss for Lack of Jurisdiction**

Because Hall is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[12] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[14] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[15]

---

[10]*Id.*

[11]*Id.*

[12]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[13]*Id.*

[14]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[15]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

The time limits established for filing a notice of appeal are "mandatory and jurisdictional."[16] Failure to file a timely notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's judgment.[17] Rule 8002 of the Federal Rules of Bankruptcy Procedure requires that a notice of appeal be filed within ten days of the entry of the judgment appealed from.[18] This time can be extended, however, under certain circumstances. The time for filing an appeal is tolled where a party brings one of the motions described in Rule 8002(b); the notice of appeal must be filed within ten days after an order is entered disposing of such a motion. In addition, Rule 8002(c) permits a twenty-day extension of time to file a notice of appeal if a motion is made within the original ten-day period.

In order to toll the time for filing the notice of appeal, Hall's motion for reconsideration and for new trial must have been filed within ten days of entry of the Judgment, by May 7, 2009.[19] Because Hall's motion for reconsideration was not timely filed, Hall must have filed the notice of appeal within ten days of the entry of Judgment, not the date of service or receipt of the Judgment.[20] Hall did not file a request for an extension of time to appeal.[21] Generally, courts refused to treat a late notice of appeal as a motion for extension of time to file a notice of

---

[16] *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978 (quotation omitted).

[17] *In re Faragalla*, 422 F.3d 1208, 1210 (10th Cir. 2005) (citing *Herwit v. Deyhimy*, 970 F.2d 709, 710 (10th Cir. 1992)).

[18] Fed. R. Bankr. P. 8002(a) (1997). This Rule was amended effective December 1, 2009, to change the 10-day period to 14 days. The Rules in effect at the time appellant filed his notice of appeal are controlling in this case.

[19] *See* Fed. R. Bankr. P. 8002(b); Fed. R. Civ. P. 59(b), (e). Because the time limit is more than eight days, intermediate holidays are included. Fed. R. Bankr. P. 9023.

[20] Fed. R. Bankr. P. 9023.

[21] Fed. R. Bankr. P. 8002(c)(2).

appeal.[22] The notice of appeal was not filed until May 21, 2009, and is thus untimely.

The service of the Judgment on the parties by mail through the BNC does not entitle the parties to additional time.[23] "It is well established through case authority that Bankruptcy Rule 9006(f) does not apply to the ten-day appeal period of Bankruptcy Rule 8002(a)."[24] "[T]he time for appeal starts to run from the entry of the order and no service of the order or notice of its entry is necessary to start the running of that time."[25] "It is the litigant's affirmative duty to monitor the court's docket."[26]

Nor is Hall entitled to additional time to file his appeal based on excusable neglect. "It is well settled that a party's failure to file a motion for extension of time within 20 days after the expiration of the time for filing a notice of appeal as provided by Rule 8002(c)(2) is likewise fatal and precludes any consideration of purported excusable neglect."[27] Hall filed no such motion.

In this case, Hall indisputably filed his motion for reconsideration and new trial eleven days after the entry of Judgment, failing to toll the ten-day period for filing the notice of appeal, which was filed twenty-four days after the entry of Judgment. Hall's failure to file his notice of

---

[22]*See In re Williams*, 216 F.3d 1295, 1297 (11th Cir. 2000).

[23]*See In re Marchessault*, 416 B.R. 896, 899 (Bankr. M.D. Fla. 2009) (citation omitted).

[24]*Id*. (quoting *Gibson v. Schimmels (In re Schimmels)*, 85 F.3d 416, 420 n.4 (9th Cir. 1996)).

[25]*Id*. (quoting *Goff v. Pfau*, 418 F.2d 649, 654 (8th Cir. 1969)).

[26]*Id*. (quoting *Brown v. Zarek*, No. 98-5097, 1998 WL 738340, at *1 (10th Cir. Oct. 22, 1998)).

[27]*In re Bushnell*, 273 B.R. 359, 363 (Bankr. D. Vt. 2001) (collecting cases); *In re Simpson*, 215 B.R. 885 (10th Cir. BAP 1998).

appeal timely bars this appeal and the inquiry ends here.[28]

**IT IS THEREFORE ORDERED BY THE COURT** that appellant's Motion to Appoint Counsel (Doc. 4) is DENIED; and appellee's Motion to Dismiss Appeal for lack of jurisdiction (Doc. 13) is GRANTED.[29]

**IT IS SO ORDERED.**

Dated: March 17, 2010

                                                           S/ Julie A. Robinson
                                                        JULIE A. ROBINSON
                                                        UNITED STATES DISTRICT JUDGE

---

[28] In so ruling, the Court notes that in its Order Memorializing Rulings Made July 27, 2009 (Doc. 348), the Bankruptcy Court specifically noted that since Hall's motion to reconsider was filed more than ten days after the entry of the Judgment, the court would construe it as a motion filed under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60, and contains no ten-day limit. The court further noted that a separate appeal may be taken from a denial of that motion for relief from judgment under Rule 9024. As far as this Court can determine, that motion for relief from judgment remains pending before the Bankruptcy Court, waiting for resolution of this appeal from the Judgment and the instant motion to dismiss.

[29] In response to Klaassen's motion to dismiss, Hall filed numerous motions that are not relevant to the limited issue before the Court of whether it has jurisdiction to consider this appeal. Those motions are: Motion for Reconsideration of Bankruptcy Court's order to add exhibits (Doc. 23); Motion for Equitable Estoppel (Doc. 28); and Motion for Omnibus Relief (Docs. 32, 33). To the extent these motions are rendered moot by dismissal of this appeal, they are denied.