lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

In re:

| | | |
|---|---|---|
| GEORGE MILAM HALL, | ) | |
| | ) | Case No. 09-4091-JAR |
| | ) | |
| Appellant/Debtor. | ) | Bankruptcy Case No. 06-40872 |
| | ) | |

## MEMORANDUM AND ORDER

On March 17, 2010, this Court dismissed appellant George Milam Hall's appeal for lack of jurisdiction (Doc. 35), because the notice of appeal was untimely. This matter is before the Court on Hall's Motion to Vacate Appellant's Appeal and the Court's Order Regarding Appellant's Appeal and Motion for Reconsideration (Doc. 38). Hall asks this Court to vacate his appeal of the Bankruptcy Court's Judgment Awarding Fees and Expenses to Debtor's Counsel,[1] vacate this Court's order dismissing that appeal as moot, and order a hearing on the finality of the bankruptcy court Judgment.

Hall files his motion to vacate pursuant to Fed. R. Civ. P. 59, under which a party may seek to alter or amend a judgment. The appropriate avenue for relief from this Court's Order dismissing Hall's appeal, however, is an appeal to the Tenth Circuit Court of Appeals pursuant to Fed. R. App. P. 6(b), which must be filed within 30 days after the judgment appealed from is entered.[2] Fed. R. App. P. 4(a)(4), which tolls the filing of a notice of appeal when a timely Rule 59 motion is filed, does not apply to appeals from a judgment of a district court exercising

---

[1] Bankruptcy Case No. 06-40872, Doc. 303.

[2] Fed. R. App. P. 6(b)(1) (incorporating Fed. R. App. P. 4(a)(1)).

appellate jurisdiction in a bankruptcy case.[3]  Although the time to file a notice of appeal is tolled by a timely motion for rehearing under Fed. R. Bankr. P. 8015,[4] Hall did not file such a motion. Even if the Court liberally construes Hall's instant motion to vacate as one for rehearing, it was not filed within fourteen days of the entry of this Court's judgment, as required by the Rule.[5] Thus, this Court is without jurisdiction to consider Hall's motion.

Even if Hall's motion were properly before the Court, it lacks merit.  It appears that Hall is asking this Court to vacate his notice of appeal, which the Court has dismissed, so he can reargue the finality of that order before the Bankruptcy Court.  Hall's arguments focus on an order dismissing a separate appeal issued by The Honorable Judge Sam Crow, wherein the court dismissed Hall's appeal of Hall's motion to reconsider the Bankruptcy Court's Judgment on fees pursuant to Fed. R. Civ. P. 60.[6]  Because the Bankruptcy Court had not yet decided that motion, Judge Crow held that Hall's appeal was from a non-final order, and thus the court lacked jurisdiction.[7]  By contrast, the Judgment awarding attorney's fees appealed from in this matter clearly was a final order.  Hall's former counsel, David Klaassen, sought an award of fees and costs by motion, which initiated a contested matter.  A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[8]

---

[3]Fed. R. App. P. 6(b)(1)(A).

[4]Fed. R. App. P. 6(b)(2)(A).

[5]Fed. R. Bankr. P. 8015.  Hall's motion was filed on April 15, 2010, twenty-eight days after entry of the order dismissing his appeal.

[6]*Hall v. Klaassen*, Case No. 09-4123-SAC, Doc. 12.

[7]*Id.*

[8]*See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996); *In re Union Home and Indust. Inc.*, 376 B.R. 298, 301 (10th Cir. BAP 2007) (same).

The Bankruptcy Court's order awarding fees and costs was on the merits and left nothing for that court to do but consider collection issues. A separate judgment was entered as required by the Federal Rules of Bankruptcy Procedure,[9] and it was from that Judgment that Hall appealed, albeit untimely.

**IT IS THEREFORE ORDERED BY THE COURT** that appellant George Milam Hall's Motion to Vacate and Motion for Reconsideration (Doc. 38) is DENIED.

**IT IS SO ORDERED.**

Dated: May 24 , 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[9] Fed. R. Bankr. P. 9021.